Robert STRONG and Richard Neisius, Plaintiffs-Respondents,

v.

C.I.R., INC., Defendant,

GEORGE W. OLSEN CONSTRUCTION CO., INC. and Transamerica Insurance Company, Defendants-Appellants. †

Court of Appeals

*No. 92–2901. Submitted on briefs May 24, 1993.—Decided September 28, 1993.*

(Also reported in 507 N.W.2d 159.)

†Petition to review granted.

On behalf of defendant-appellants, the cause was submitted on the briefs of *Catherine R. Quiggle* of *Rodli, Beskar & Boles, S.C.* of River Falls.

On behalf of plaintiff-respondents, the cause was submitted on the brief of *William J. Radosevich* of Hudson.

On behalf of the Wisconsin Chapter of Associated General Contractors of America, Inc., an amicus brief was filed by *Paul D. Lawent* of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. George W. Olsen Construction Co., Inc., the prime contractor on a municipal public works contract, and its surety, Transamerica Insurance Company, appeal a summary judgment awarding double wages, costs and attorney fees to Robert Strong, Richard Neisius and numerous other employees of a subcontractor, C.I.R., Inc. The appellants contend that sec. 779.14, Stats. (1989-90), which allowed the employees of a subcontractor to maintain an action against the prime contractor and its surety, did not grant those employees the right to pursue the punitive double wage, fees and costs provisions established in sec. 66.293(3), Stats. (1989-90).[1] The appellants also contend that the judgment improperly awarded damages to employees not timely joined as parties to the action. We agree with the circuit court that the claim for damages is calculated by the provisions of sec. 66.293 and that the action as to all employees was timely commenced. We therefore affirm.

Olsen, as prime contractor, entered into a public works contract with the city of River Falls and provided labor and materials and performance bonds. C.I.R. subcontracted with Olsen to do the plumbing and heating for the project. C.I.R. failed to pay its employees, including Strong and Neisius, the wage scale rate for the job as provided in sec. 66.293, Stats. (1989-90).[2] The project was completed July 28, 1990.

---

[1] The claims arose under the statutes in effect in 1989-90. The changes in the statutes in succeeding years would not alter the result in this case.

[2] Section 66.293(3), Stats. (1989-90), provided in part:

Every municipality, before making a contract by direct negotiation or soliciting bids on a contract, for any project of public works

Strong and Neisius filed their complaint alleging violation of the prevailing wage law within a year of completion of the contract. The complaint alleged that it was brought "on their own behalf and on behalf of all other CIR Plumbing and Heating employees who are similarly situated . . . ." Hearings on opposing motions for summary judgment were scheduled in March 1992. Immediately before a scheduled hearing on the motions, but more than one year after the contract completion, the other C.I.R. employees filed written consent to be added as additional plaintiffs. The court then granted the plaintiffs' motion for summary judgment and awarded damages to the two named plaintiffs as well as all employees similarly situated. The judgment for $116,737.28 includes double the difference between the prevailing wage rate and the actual wages paid, together with attorney fees and costs.

## LABORERS' RIGHT TO DOUBLE DAMAGES, FEES AND COSTS

■ Section 66.293(3)(a), Stats. (1989-90), provided in part:

> . . . shall apply to the department of industry, labor and human relations to ascertain the prevailing wage rate, hours of labor and hourly basic pay rates in all trades and occupations required in the work contemplated. . . . Reference to such prevailing wage rates . . . shall be published in the notice issued for the purpose of securing bids for the project. If any contract for a project of public works . . . is entered into, the wage rates and hours . . . shall be incorporated into and made a part of the contract. No laborer . . . employed directly upon the site of the project by the contractor or by a subcontractor, agent or other person, doing or contracting to do any part of the work, may be paid less than the prevailing wage rate . . . .

Any contractor, subcontractor or agent thereof, who fails to pay the prevailing rate of wages . . . shall be liable to the employes affected in the amount of their unpaid minimum wages . . . and an additional equal amount as liquidated damages. . . . No employe shall be a party plaintiff to any such action unless he gives consent in writing to become such a party and the consent is filed in the court in which the action is brought. The court shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee and costs to be paid by the defendant.

The appellants do not dispute their liability for underpaid wages. They argue, however, that the provision for double wages, costs and fees applies only against the employer who fails to pay the required wage. Thus, they maintain, because C.I.R., rather than Olsen, failed to pay the proper wage rate, the "liquidated damages" provision does not apply. The appellants would calculate the claim for wages by reference to the wage rate scale established by sec. 66.293(3), Stats. (1989-90), but would not incorporate the remaining provision of the same statutory subsection. We reject appellants' argument because it ignores the language of sec. 779.14 Stats. (1989-90), relating to the bonding requirements of the prime contractor and its surety on a public works project.

Section 779.14(2)(a)2, Stats. (1989-90), provided for an action against the prime contractor and its surety "for the recovery of *any damages* sustained by reason of . . . failure of . . . a subcontractor . . . to comply with a contract . . . for the performance of labor . . . ." (Emphasis added.) Section 779.14(1m)(b)2b, Stats. (1989–90), required the surety to guarantee "The pay-

ment to every person . . . *of all claims* that are entitled to payment for labor performed . . . ." (Emphasis added.) We conclude that the preceding references to "any damages" and "all claims" incorporates the claim for the penalty wages and other provisions found in sec. 66.293(3), Stats. (1989-90).

Sections 66.293(3) and 779.14, Stats. (1989-90), both related to obligations toward laborers hired to work on public works projects. Statutes relating to the same subject matter should be read together and harmonized if possible. *City of Milwaukee v. Milwaukee County*, 27 Wis. 2d 53, 56, 133 N.W.2d 393, 395 (1965). It is undisputed that the legislature established a remedy for a subcontractor's employees against the prime contractor. That remedy allows for recovery of "any damages." Section 66.293(3), Stats. (1989-90), described the additional wages, costs and fees as "liquidated damages." The latter therefore falls within the former.

## CLAIMS OF REMAINING EMPLOYEES

Although the pleadings name only Strong and Neisius as parties plaintiff, the complaint states that the action is brought on behalf of all other C.I.R. employees similarly situated. The necessary written consent from the remaining employees to be named party plaintiffs was filed with the court more than one year after the completion of the contract.

Section 779.14(2)(a), Stats. (1989-90), provided in part:

> Not later than one year after the completion of work under the contract, any party in interest, including any subcontractor or supplier, may maintain an action in that party's name against the

prime contractor and the sureties upon the bond for the recovery of any damages sustained . . . .

Section 66.293(3)(a), Stats. (1989-90), provided in part:

Action to recover the liability may be maintained in any court of competent jurisdiction by any one or more employes for and in behalf of himself and other employes similarly situated. No employe shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and the consent is filed in the court in which the action is brought. The court shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee and costs to be paid by the defendant.

Any employee who consents to be a named party plaintiff must give his consent to do so in writing and file it with the court. Section 66.293(3)(a), Stats. (1989-90). The statute did not restrict the time for filing the consent. The action must be commenced within one year of the completion of the contract. Section 779.14(2)(a), Stats. (1989-90). The action in this case was commenced within the one-year period.

██

The Wisconsin code of civil procedure relating to joinder of parties contemplates additional parties after commencement of the action. *See* sec. 803.05 (third-party practice); sec. 803.07 (interpleader); sec. 803.09 (intervention); sec. 803.10 (substitution of parties), Stats. Further, the code generally provides that amendments to the pleadings shall be freely given at any stage of the action when justice so requires. Section 802.09(1), Stats. Amendments to pleadings may also be

made to conform to the evidence, and failure to formally amend does not affect the result of the trial. Section 802.09(2), Stats. Amendments relating to claims that arose out of the transaction set forth in the original pleading relate back to the filing of the original pleading. Section 802.09(3), Stats. These liberal pleading statutes are intended to afford substantial justice to the parties and are appropriate whenever the procedure does not prejudice the opponent in presenting his action or defense on the merits. There is no claim by the defendants here that the procedure prejudiced their ability to present their defense. The issue of the application of the statutes in question was the same regardless of the number of plaintiffs. We therefore affirm the circuit court's decision to award the judgment to all of the claimants similarly situated.

*By the Court.*—Judgment affirmed.